IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| PHILLIP L. PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-04100-CV-C-NKL |
| | ) | |
| ABB POWER T&D INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Phillip L. Porter's ("Porter") Motion to Dismiss without prejudice [Doc. #7]. The Court grants Porter's motion with conditions.

**I. Background**

On April 7, 2008, Porter filed this action in Missouri state court for age discrimination, retaliation and hostile work environment against his former employer, Defendant ABB T&D, Inc. ("ABB"). ABB removed the action to this Court on May 12, 2008 and filed an answer on May 19, 2008. On May 20, 2008, Porter requested this Court to dismiss his action without prejudice, stating that it filed its motion to dismiss without prejudice before becoming aware of ABB's answer. (Doc. 7 ¶ 2).

**II. Discussion**

Federal Rule of Civil Procedure 41(a) identifies those instances in which the plaintiff must obtain the approval of the Court before the action can be dismissed

1

voluntarily. Once an answer has been filed, an action may be dismissed at the plaintiff's request only upon order of the court and upon such terms and conditions as the court deems proper. *See* Fed. R. Civ. P. 41(a)(1)(i). In determining whether to grant a motion to voluntarily dismiss without prejudice with or without conditions, the Court considers factors such as whether the party has presented a proper explanation for its desire to dismiss, *see, e.g. Hamm v. Rhone-Poulenc Rorer Pharms.*, 187 F.3d 941, 950 (8th Cir. 1999); whether a dismissal would result in a waste of judicial time and effort, *see, e.g., Tikkanen v. Citibank (South Dakota) N.A.,* 801 F. Supp. 270, 273-74 (D. Minn. 1992); and whether a dismissal will prejudice the defendants, *see, e.g., Metropolitan Federal Bank of Iowa, F.S.B. v. W.R. Grace & Co.,* 999 F.2d 1257, 1262 (8th Cir. 1993). A party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum. *See, e.g., Holmgren v. Massey-Ferguson, Inc.,* 516 F.2d 856, 857 n.1 (8th Cir. 1975). Rule 41(a)(2) authorizes a court to dismiss an action with or without prejudice, *see Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995), or "to grant the motion without conditions, grant it with conditions, or deny the motion entirely." *See Brackett v. State Highways & Transp. Comm'n*, 163 F.R.D. 305, 307 (W.D. Mo. 1995).

While ABB is correct that Porter does not make any effort to advise the Court as to his reasons for requesting dismissal, it is pure speculation that Porter's reasons for doing so are motivated by "forum-shopping." The Court has reviewed ABB's answer, which shows that counsel made some effort to verify the few facts alleged in the original complaint, but it is largely a boilerplate denial of allegations. ABB's request, that the

Court require any future action by Porter to be filed in this Court, is unjustified. As ABB notes, an award of reasonable attorneys' fees is the typical condition imposed by a district court in granting a voluntary dismissal without prejudice. *See Belle-Midwest v. Mo. Property & Casualty Ins. Guar. Ass'n*, 56 F.3d 977, 979 (8th Cir. 1995). Here, ABB has not shown any prejudice, nor is there any evidence that ABB expended significant time or resources in removing the action and filing an answer. The Court will therefore grant Porter's motion and award ABB $1,000.00 in attorneys' fees.

Accordingly, it is hereby

ORDERED that Porter's Motion to Dismiss [Doc. # 7] is GRANTED.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: June 13, 2008
Jefferson City, Missouri